UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MELVINA WELLS,**
on behalf of herself and all other persons similarly situated, known and unknown,
    Plaintiff,

vs.

**MIDWEST SUPPLY AND MAINTENANCE COMPANY INC., and CHARLOTTE CALLAGHAM,**
a Michigan for-profit company and owners and officer of said Michigan for-profit company,
    Defendants.

Case No:
Hon.

_____/

Bryan Yaldou (P70600)
Omar Badr (P70966)
Law Offices of Bryan Yaldou, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
Bryan@yaldoulaw.com
*Attorneys for Plaintiff*

_____/

## **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff Melvina Wells ("Plaintiff Wells"), by and through her attorneys, The Law Offices of Bryan Yaldou, PLLC, for her complaint against Defendant Midwest Supply and Maintenance Company, Inc. ("Defendant Midwest

1

Supply"), and Defendant Charlotte Callagham ("Defendant Callagham"), and hereby alleges the following:

## INTRODUCTION

1. This is a civil action seeking relief under the provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.* Plaintiff Wells is a former employee of Defendants whose rights under the FLSA have been violated. Plaintiff Wells now seeks to recover the benefits due to her from Defendants under the FLSA as a result of Defendants' failure to pay minimum wages to Plaintiff Wells and other similarly situated employees.

2. Plaintiff Wells seeks a declaration that her rights under the FLSA have been violated; an award of the unpaid wages owed to her; an award of liquidated damages in an amount equal to the unpaid wages owed to her; and an award of reasonable attorney's fees and costs as provided for in the FLSA, in order to compensate her for damages suffered and to ensure that future employees will not suffer as a result of such illegal conduct on the part of Defendants.

## JURISDICTION AND VENUE

3. Plaintiff Wells hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

4. This Court has federal question jurisdiction over Plaintiff Wells' FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a) and 1391(b), because Plaintiff Wells worked for Defendants in this District and suffered the damages at issue in this District, Defendants have significant business contacts within this District, and because the actions and events giving rise to Plaintiff Wells' claims occurred in this District.

## PARTIES

6. Plaintiff Wells hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

7. Plaintiff Wells is an adult citizen of the State of Michigan who resides in this judicial district.

8. Plaintiff Wells worked as janitorial staff for Defendants from July 2017 to August 2017.

9. Defendant Midwest Supply is a for-profit Michigan company with its registered office at 235 S. Main, Plymouth, Michigan 48170.

10. Upon information and belief, Defendant Callagham is an owner or corporate officer of Defendant Midwest Supply.

## STATEMENT OF MATERIAL FACTS

11. Plaintiff Wells hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

12. Plaintiff Wells worked as a janitor for Defendants, providing cleaning services to Defendants' corporate clients.

13. Plaintiff Wells was an employee of Defendants from approximately July 2017 through August 2017. (Exhibit A).

14. Upon information and belief, Defendants employ at least 200 janitorial employees at any given time. However, there is significant employee turnover at Defendant Midwest Supply.

15. While Plaintiff Wells was employed with Defendants, her wage rate was $9.00 per hour. (Exhibit A).

16. Plaintiff was a non-exempt hourly employee who was entitled to the protections of the FLSA.

17. During Plaintiff Wells' employment with Defendants, her schedule remained primarily the same. Plaintiff Wells worked three hours per shift cleaning the offices of Defendants' clients. (Exhibit A).

18. Often Plaintiff Wells noticed that her checks were short and did not reflect her actual hours worked. (Exhibit A).

19. When Plaintiff Wells made Defendants aware of the problem, she was told by Defendant Callagham that she would only be paid the two hours provided on the paycheck, not the three hours per shift that she actually worked. (Exhibit A).

20.     Defendant Callagham told Plaintiff Wells that she was aware of the problem, but that Defendant Midwest Supply could not pay her for all the time that she worked because the businesses that she cleaned had not paid the company yet. (Exhibit A).

21.     Plaintiff Wells talked with other employees of Defendants who also said that they were not paid for all of the hours that they worked, including Wanda Smith and a male janitor that also worked for Defendant Midwest Supply. (Exhibit A).

22.     Despite numerous attempts to be paid for the time that she worked, Defendants continued to short Plaintiff Wells and the other employees on their paychecks.

23.     Defendants did not at any time during the relevant period fix the pervasive time-keeping and reporting problem. Upon information and belief, Defendants have failed to maintain time and pay records as required by § 211(c) of the FLSA.

24.     Additionally, when necessary cleaning supplies ran out, Defendants told Plaintiff Wells and other janitorial employees to buy their own supplies and promised that they would be reimbursed for the expenses. (Exhibit A).

25. Plaintiff Wells was not reimbursed for any money she spent on cleaning supplies that she used to clean the offices of Defendant Midwest Supply's clients. (Exhibit A).

26. Plaintiff Wells ultimately stopped working for Defendants because she was not paid for all of the time that she worked for Defendants.

27. To date, Plaintiff Wells has still not been paid for the time that she was shorted on her paychecks despite Defendants' knowledge that she has not been paid for all of the hours that she worked.

28. Defendants' practice of shorting Plaintiff Wells' and other employees' checks and denying their compensation demonstrates an intentional policy and practice of denying its employees owed wages in violation of the FLSA.

29. Upon information and belief, all of Defendants' janitorial employees were subject to the same policies and practices which deny them their full and timely payment of wages.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff Wells hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

31. Plaintiff Wells brings the FLSA claim in this action as a collective action under 29 U.S.C. § 216(b).

32. Plaintiff Wells asserts these claims on behalf of herself and on behalf of all similarly situated current and former employees of Defendants, who worked as janitorial staff and who were not paid all compensation required by the FLSA during the last three years as a result of Defendants' compensation policies and practices.

33. Plaintiff Wells seeks to notify the following employees of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action: All individuals who worked at any time during the past three years for Defendant Midwest Supply as janitorial staff who were not paid at least minimum wage for all hours worked or were paid wages late.

34. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of that Act. 29 U.S.C. § 255. As alleged above, Plaintiff Wells' and similarly situated current and former employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all current and former janitorial staff that worked for Defendants within three years from the filing of this Complaint.

35. Upon information and belief, Defendants have employed hundreds of similarly situated employees during the time period relevant to this action.

36. The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiff Wells, joinder of each member is not practicable.

37. Plaintiff Wells asks this Court to require Defendants to furnish her with the employee contact information of other similarly situated employees. The similarly situated employees are readily identifiable by the Defendants and may be located through their records. Plaintiff Wells asks this Court to require Defendants to provide this information so that the putative class members may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

38. Collective adjudication is appropriate in this case because the employees who Plaintiff Wells wishes to notify of this action have been employed in similar positions to her; have performed work similar to hers; have been subject to the same compensation policies and procedures; and have been subject to compensation practices similar to those which form the basis of her case, including unlawful failure to pay the minimum wage under the FLSA.

## COUNT I

## Defendant Midwest Supply - Violation of the Minimum Wage Provision of the FLSA

39. Plaintiff Wells hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

40. Plaintiff Wells was an "employee" of Defendant Midwest Supply, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant Midwest Supply "suffered or permitted" Plaintiff Wells to work for it.

41. Defendant Midwest Supply was Plaintiff Wells' "employer," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant Midwest Supply "suffered or permitted" Plaintiff Wells to work for it.

42. Defendant Midwest Supply is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in interstate commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

43. Defendant Midwest Supply is required to comply with the requirements of the FLSA.

44. Plaintiff Wells was a non-exempt employee who was entitled to the protections of the FLSA.

45. The minimum wage provision of the FLSA, 29 U.S.C. § 206, requires employers to pay employees at least the minimum wage for all time worked.

46. Defendant Midwest Supply failed to pay Plaintiff Wells in compliance with the FLSA because she was not paid at least the minimum wage for all hours she worked in accordance with 29 U.S.C. § 206.

47. In addition to compensatory damages for her unpaid wages, Plaintiff Wells is owed liquidated damages in an amount equal to her compensatory damages

pursuant to the FLSA, 29 U.S.C. § 216(b), and her reasonable attorney's fees, to be paid by Defendant Midwest Supply for its willful failure to pay at least the minimum wage for all hours worked by Plaintiff Wells.

WHEREFORE, Plaintiff Wells respectfully requests that the court enter judgment against Defendant Midwest Supply and in favor of Plaintiff Wells, declare that Defendant Midwest Supply willfully violated the minimum wage provisions of the FLSA, and grant Plaintiff Wells compensatory damages in an amount to be determined at trial, along with liquidated damages in an amount equal to her compensatory damages, and reasonable attorney's fees and costs incurred in prosecuting this claim.

## **COUNT II**

### **Defendant Callagham - Violation of the Minimum Wage Provision of the FLSA**

48. Plaintiff Wells hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

49. Defendant Callagham was an employer of Plaintiff Wells under 29 U.S.C. § 203(e) because she "suffered or permitted" Plaintiff Wells to work for her.

50. Upon information and belief, Defendant Callagham had either ownership interest in the enterprise Defendant Midwest Supply or operational control of the enterprise during the time in which Plaintiff Wells and the putative class members were not paid in compliance with the FLSA.

51. As an employer of Plaintiff Wells and putative class members, Defendant Callagham was required to comply with the requirements of the FLSA.

52. Defendant Callagham willfully failed to comply with the minimum wage provision of the FLSA.

53. Under the theory of Corporate Officer Liability adopted by this circuit in *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (1991), Defendant Callagham is jointly and severally liable for the violations of the FLSA.

WHEREFORE, Plaintiff Wells respectfully requests that the court enter judgment against Defendant Callagham and in favor of Plaintiff Wells, declare that Defendant Callagham willfully violated the minimum wage provision of the FLSA, and grant Plaintiff Wells compensatory damages in an amount to be determined at trial, along with liquidated damages in an amount equal to her compensatory damages, and the reasonable attorney's fees and costs incurred in prosecuting this claim.

## COUNT III

### Defendants Midwest Supply and Charlotte Callagham - Violation of FLSA § 211(c) Record-keeping Requirements

54. Plaintiff Wells hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

55. Section 211(c) of the FLSA provides, in pertinent part, that "[e]very employer subject to any provision of this chapter or of any order issued under this

chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder."

56. Defendants did not maintain records of Plaintiff Wells' hours worked.

57. Thus, Defendants failed to comply with the record-keeping requirements of the FLSA § 211(c).

WHEREFORE, Plaintiff Wells respectfully requests that the court enter judgment against Defendants and in favor of Plaintiff Wells, declare that Defendants violated the record-keeping requirements of the FLSA, order Defendants to perform an accounting to determine all hours worked by plaintiff and grant Plaintiff Wells compensatory damages in an amount to be determined at trial, along with liquidated damages in an amount equal to her compensatory damages, and the reasonable attorney's fees and costs incurred in prosecuting this claim.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Wells, individually and on behalf of all others similarly situated, respectfully requests that the Court grant the following relief:

  A. The actions of Defendants complained of herein be adjudicated, decreed, and declared a violation of Defendants' obligations under the FLSA;

  B. Find that Defendants willfully violated the FLSA, and enter judgment in Plaintiff Wells' favor and accordingly against Defendants, jointly and severally;

  C. Certify the federal-law claims in this case as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and require that notice of their right to join this action by filing with this Court written consent to do so be given to all of Defendants' workers who are similarly situated to Plaintiff Wells;

  D. Declare the rights of the parties and provide commensurate injunctive relief;

  E. Award any compensatory damages due to Plaintiff Wells for any unpaid wages together with an equal amount in liquidated damages according to the applicable statutes of limitations;

  F. Order Defendants to perform an accounting to determine all hours worked by plaintiff;

  G. Award prejudgment interest with respect to the total amount of unpaid compensation to the extent permitted by applicable law;

  H. Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendants due to its above-described improper conduct;

I.     Award reasonable attorney's fees and costs to Plaintiff Wells' counsel as allowed by applicable law and statute; and

J.     Award such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

NOW COMES Plaintiff Wells, by and through her attorneys, The Law Offices of Bryan Yaldou, PLLC, on behalf of herself and others similarly situated, and hereby demands a trial by jury of the above entitled matter.


Respectfully Submitted,

/s/ Bryan Yaldou
Bryan Yaldou (P70600)
Omar Badr (P70966)
LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiff*

Dated: April 6, 2018