UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MELVINA WELLS,**
on behalf of herself and all other
persons similarly situated, known and
unknown,
          Plaintiff,

vs.

Case No: 18-cv-11105
Hon. Gershwin A. Drain
Mag. Judge Stephanie D. Davis

**MIDWEST SUPPLY and
MAINTENANCE COMPANY
INC.,** a Michigan for-profit company
**and CHARLOTTE
CALLAGHAM,** a natural person,
          Defendants.

_____/

| | |
|---|---|
| Bryan Yaldou (P70600) | Christopher M. Trebilcock (P62101) |
| Omar Badr (P70966) | Daniel A. Krawiec (P78783) |
| LAW OFFICES OF BRYAN YALDOU, PLLC | CLARK HILL, PLC |
| 23000 Telegraph, Suite 5 | 500 Woodward Avenue |
| Brownstown, MI 48134 | Suite 3500 |
| Phone: (734) 692-9200 | Detroit, MI 48226 |
| Fax: (734) 692-9201 | Phone: (313) 965-8575 |
| bryan@yaldoulaw.com | Fax: (313) 309-6910 |
| *Attorneys for Plaintiff* | ctrebilcock@clarkhill.com |
| | dkrawiec@clarkhill.com |
| | *Attorneys for Defendants* |

_____/

## PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

NOW COMES Plaintiff Melvina Wells ("Plaintiff Wells"), by and through

her counsel, THE LAW OFFICES OF BRYAN YALDOU, PLLC, for her Motion for

Attorney's Fees pursuant to 29 U.S.C. § 216(b) and LR 54.1.2 and states:

1.  Plaintiff has accepted Defendants' Offer of Judgement for her claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Defendants' Offer of Judgement is for all of Plaintiff's unpaid wages under the FLSA and double damages pursuant to Plaintiff's rights under 29 U.S.C. § 216(b), with Plaintiff's Counsel to petition this Court for Attorney's fees pursuant to 29 U.S.C. § 216(b). Plaintiff files this motion pursuant to this offer of judgement (Doc. #14, Doc. #14-1), and LR 54.1.2.

2. Plaintiff asks that this Court GRANT Plaintiff's Counsel's attorney's petition for fees in the amount of $22,360.00, $552.30 in costs, and an allotment of ten hours of attorneys' fees at Attorney Bryan Yaldou's hourly rate for the administration of the settlement and the anticipated hearing on this fee petition in the amount of $4,000.00. The total amount for which Attorney Yaldou seeks approval is $26,912.30. Plaintiff has attached his memorandum brief in support of this motion pursuant to LR 54.1.2 as an explanation to how the fees are reasonable and necessary. Plaintiff has also attached Plaintiff's Counsel's affidavit "setting out in detail the number of hours spend on each aspect of the case" pursuant to LR 54.1.2.

**WHEREFORE**, Plaintiff respectfully asks this Court to enter an Order GRANTING Plaintiff's Motion for reasonable and necessary attorneys' fees.

Respectfully submitted,

/s/ Bryan Yaldou
Bryan Yaldou (P70600)
Omar Badr (P70966)
LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiff*

July 12, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MELVINA WELLS,**
on behalf of herself and all other
persons similarly situated, known and
unknown,
        Plaintiff,

vs.

**MIDWEST SUPPLY and
MAINTENANCE COMPANY
INC.,** a Michigan for-profit company
**and CHARLOTTE
CALLAGHAM,** a natural person,
        Defendants.

Case No: 18-cv-11105
Hon. Gershwin A. Drain
Mag. Judge Stephanie D. Davis

_____/

| | |
|---|---|
| Bryan Yaldou (P70600) | Christopher M. Trebilcock (P62101) |
| Omar Badr (P70966) | Daniel A. Krawiec (P78783) |
| LAW OFFICES OF BRYAN YALDOU, PLLC | CLARK HILL, PLC |
| 23000 Telegraph, Suite 5 | 500 Woodward Avenue |
| Brownstown, MI 48134 | Suite 3500 |
| Phone: (734) 692-9200 | Detroit, MI 48226 |
| Fax: (734) 692-9201 | Phone: (313) 965-8575 |
| bryan@yaldoulaw.com | Fax: (313) 309-6910 |
| *Attorneys for Plaintiff* | ctrebilcock@clarkhill.com |
| | dkrawiec@clarkhill.com |
| | *Attorneys for Defendants* |

_____/

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

## **TABLE OF CONTENTS**

I. STATEMENT OF FACTS ....................................................................................1

II. ARGUMENT ....................................................................................................2

   A. Plaintiff is the Prevailing Party ..................................................................2

   B. Reasonable and Necessary Attorney's Fees are Mandatory under the FLSA...5

   C. Counsel Requests this Court Approve an Award of Reasonable Attorneys' Fees and Reimbursement of Costs ....................................................................7

      1. "The time and labor involved".........................................................8

      2. "The novelty and difficulty of the questions involved".................11

      3. "The skill requisite to perform the legal service properly" ..........11

      4. "Preclusion of other employment by the attorney due to acceptance of the case" ....................................................................................12

      5. "The customary fee" .....................................................................12

      7. "Time limitations imposed by the client or the circumstances" ...................15

      8. "The amount involved and the results achieved" ..........................15

      9. "The experience, reputation, and ability of the attorneys" ...........16

      10. "The 'undesirability' of the case" ...............................................17

      11. "The nature and length of the professional relationship with the client" ...17

      12. "Awards in similar cases" ...........................................................18

   D. Costs ........................................................................................................ 18

III. CONCLUSION ...............................................................................................19

## **TABLE OF AUTHORITIES**

**Cases**

*Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343 (6th Cir. 2000)......................8, 10

*Aynes v. Space Guard Products, Inc.*, 201 F.R.D. 445 (S.D. Ind. 2001) .................3

*Baird v. Boies, Schiller & Flexner LLP*, 219 F. Supp. 2d 510 (S.D.N.Y. 2002) ......4

*Blum v. Stenson*, 46 U.S. 886 (1984) ....................................................................10

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Servs.*, 532 U.S. 598 (2001) ...............................................................................3

*Calderon v. Witvoet*, 112 F.3d 275 (7th Cir. Ill. 1997)...........................................16

*City of Riverside v. Rivera*, 477 U.S. 561 (1986) .....................................................6

*Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 421 F.3d 417 (6th Cir. 2005) ...................................................2

*DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666 (6th Cir. 2006)...................................2

*Doe v. Deja Vu Servs.*, No. 16-10877, 2017 U.S. Dist. LEXIS 93455, 2017 WL 2629101 (E.D. Mich. June 19, 2017) .......................................... 10, 11

*Ellison v. Balinski*, 625 F.3d 953 (6th Cir. 2010) .....................................................5

*Farrar v. Hobby*, 506 U.S. 103 (1992) ....................................................................2

*Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994)............................................. *passim*

*Fisher v. Stolaruk Corp.*, 648 F. Supp. 486 (E.D. Mich. 1986) ...........................6, 7

*Garcia v. Tyson Foods*, No. 06-2198, 2012 U.S. Dist. LEXIS 170177, 2012 WL 5985561 (D. Kan. Nov. 29, 2012) .........................................................7

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .............................................................5

*Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341 (5th Cir. 2007)..7

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003)...................9

*In re Delphi Corp Securities Derivative & ERISA Litigation*, 248 F.R.D. 483 (E.D. Mich. 2008) ....................................................................................13

*James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341 (S.D. Fl. May 14, 2007) ......................................................................................................7

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) .............8

*Keller v. Miri Microsystems LLC*, 781 F.3d 799 (6th Cir. 2015) ........................6, 14

*Lucio-Cantu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) .......................................7

*Lyte v. Sara Lee Corp.*, 950 F.2d 101 (2d Cir. 1991) ..............................................4

*May v. City of Detroit*, No. 233318; 234966, 2003 Mich. App. LEXIS 1397 (Mich. Ct. App. June 12, 2003)........................................................................15

*Michigan Window Cleaning Co. v. Martino*, 173 F.2d 466 (6th Cir. 1949) .............7

*Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624 (6th Cir. 1979) ................................................................................................16

*O'Brien v. Ed. Donnelly Enterprises*, 575 F.3d 567 (6th Cir. 2009) .......................14

*Oil, Chem. & Atomic Workers Int'l Union v. DOE*, 288 F.3d 452 (D.C. Cir. 2002) 3

*Paschal v. Flagstar Bank*, 297 F.3d 431 (6th Cir. 2002) ..........................................8

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986) ...............................................................................................5

*RDI of Mich., LLC v. Mich. Coin-Op Vending*, Inc., No. 08-11177, 2010 U.S. Dist. LEXIS 10921, 2010 WL 522835 (E.D. Mich. Feb. 9, 2010) ...............................15

*Renfro v. Ind. Mich. Power Co.*, No. 99-877, 2007 U.S. Dist. LEXIS 15773, 2007 WL 710138 (W.D. Mich. Mar. 6, 2007) ...........................................................16

*Roofers Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495 (6th Cir. 1984) ................................................................................................6, 14

*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989) ..........2

*Utility Automation 2000, Inc. v. Choctawhatchee Electric Coop., Inc.*, 298 F.3d 1238 (11th Cir. 2002) ...............................................................................................3

*Wales v. Jack M. Berry, Inc.*, 192 F. Supp.2d 1313 (M.D. Fl. Dec. 21, 2001) .........7

*Walsh v. Boston Univ.*, 661 F. Supp. 2d 91 (D. Mass. 2009) .....................................4

*Weitz & Luxenberg, P.C. v. Sulzer Orthopedics, Inc.*, 398 F.3d 778 (6th Cir. Ohio 2005) ...............................................................................................11

*West v. Hess Environmental Servs.*, No. 95-5676/95-5677/95-5755, 1997 U.S. App. LEXIS 8127 (6th Cir. Apr. 17, 1997) .....................................................................5

*Williams v. Hooah Sec. Servs. LLC*, No. 09-2376, 2012 U.S. Dist. LEXIS 40945, 2012 WL 1022187 (W.D. Tenn. Mar. 26, 2012) .....................................................7

*Worthing v. Reliance Std. Life Ins. Co.*, No. 08-11895, 2009 U.S. Dist. LEXIS 52296, 2009 WL 1798387 (E.D. Mich. June 22, 2009) ........................................15

**Statutes**

28 U.S.C. § 1920 ...............................................................................................17

29 U.S.C. § 201 *et seq.* .............................................................................. *passim*

29 U.S.C. § 202(a) ...................................................................................... 10, 15

29 U.S.C. § 216(b) ...................................................................................... *passim*

## STATEMENT OF QUESTIONS PRESENTED

Is Plaintiff the prevailing party under the *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989) standard, and therefore entitled to attorneys' fees?

Plaintiff's Answer: Yes

Defendants' Answer: No

Are Plaintiff's attorneys' fees reasonable and necessary under the Fair Labor Standards Act?

Plaintiff's Answer: Yes

Defendants' Answer: No

## I. STATEMENT OF FACTS

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et *seq.*, case. Plaintiff Melvina Wells ("Plaintiff Wells") initiated this lawsuit by filing her Complaint on April 6, 2018. Plaintiff alleged that Defendants Midwest Supply & Maintenance Company, Inc. ("Defendant Midwest") and Charlotte Callagham ("Defendant Callagham") violated the FLSA by not paying their employees at least $7.25 per hour for their time worked in violation of the minimum wage provision of the FLSA, 29 U.S.C. § 206.

Plaintiff files this motion for attorney's fees and costs pursuant to Defendants' Offer of Judgement and Plaintiff's Acceptance (Doc. #14), 29 U.S.C. § 216(b), and LR 54.1.2. Defendants' Offer of Judgement is for $486.00. (Doc. #14). This amount includes all of Plaintiff's unpaid wages under the FLSA, doubled pursuant to 29 U.S.C. § 216(b), exclusive of any attorney's reasonable and necessary fees and costs which the Court shall award upon this legal application.

The Plaintiff in this case has been represented by The Law Offices of Bryan Yaldou, PLLC. Attorney Bryan Yaldou ("Attorney Yaldou") has 11 years of litigation experience and has focused on FLSA litigation for the last four years. In the last four years, Attorney Yaldou has been the lead counsel in approximately 20 filed FLSA cases. At this time, Attorney Yaldou seeks reimbursement of 55.90 hours at $400.00 an hour, an allotment of ten hours of attorneys' fees at Attorney Bryan

Yaldou's hourly rate for the administration of the settlement and the anticipated hearing on this fee petition in the amount of $4,000.00 of ten hours, and costs in the amount of $552.30. The total amount for which Attorney Yaldou seeks approval is $26,912.30.

## II. ARGUMENT

### A. Plaintiff is the Prevailing Party

Prevailing party status is a "statutory threshold" which must be crossed before there is any consideration of a fee award. *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989). This threshold is crossed when "the plaintiff has succeeded on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit." *Id*. at 791-92 (citations omitted); *see also*, *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 670 (6th Cir. 2006); *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 421 F.3d 417, 420 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 2916 (2006).

"[T]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Farrar v. Hobby*, 506 U.S. 103, 111, 113 (1992) (quoting *Garland*, 489 U.S. at 792-93 (1989)). A material alteration requires that "[t]he plaintiff obtain an **enforceable judgment** against the defendant from whom fees are sought." *DiLaura*, 471 F.3d at 670 (quoting *Farrar*, 506 U.S. at 113) (citations omitted) (emphasis added). The relief must directly benefit the

plaintiff "at the time of the judgment or settlement." *Id*. Further, the change in the relationship between the parties must be court ordered; if a party's change in position is purely voluntary, then there is no prevailing party. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Servs.*, 532 U.S. 598, 605 (2001).

Plaintiffs who accept Federal Rules of Civil Procedure Rule 68 Offers of Judgment are prevailing parties. "[A] Rule 68 judgment represents a judicially sanctioned change in the relationship between the parties." *Utility Automation 2000, Inc. v. Choctawhatchee Electric Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) (internal citations omitted). Courts have found that when defendants make a Rule 68 offer of judgment there has been a material alteration of the parties' legal relationship which was not purely voluntary; therefore, plaintiffs who accept Rule 68 offers of judgment are prevailing parties. *See, e.g., Oil, Chem. & Atomic Workers Int'l Union v. DOE*, 288 F.3d 452, 464 (D.C. Cir. 2002) (citing *Aynes v. Space Guard Products, Inc.*, 201 F.R.D. 445 (S.D. Ind. 2001)) (finding that plaintiffs who accepted a Rule 68 offer of judgment were prevailing parties through analogizing a district court case which found, "although an accepted offer of judgment under Federal Rule of Civil Procedure 68 was 'neither a judgment on the merits nor a court-ordered consent decree,' it satisfied the *Buckhannon* test because it was both 'enforceable against [the] Defendant by this court unlike the resolution effected by a private settlement and 'caused a material alteration of the legal relationship of the parties.'"); *see also,*

*Lyte v. Sara Lee Corp.*, 950 F.2d 101, 104 (2d Cir. 1991) (finding that a plaintiff who accepts a Rule 68 offer of judgment is a "prevailing party" eligible for attorneys' fees and costs, provided that the relief obtained is not *de minimis* and is of the "same general type" as that demanded in the complaint); *Walsh v. Boston Univ.*, 661 F. Supp. 2d 91, 96-104 (D. Mass. 2009) (discussing in detail why plaintiff became a "prevailing party" when he accepted defendant's Rule 68 offers of judgment); *Baird v. Boies, Schiller & Flexner LLP*, 219 F. Supp. 2d 510, 521 (S.D.N.Y. 2002) (awarding attorney's fees to a plaintiff who had accepted a Rule 68 offer of judgment). Thus, when plaintiffs accept a defendant's offer of judgment, they become the prevailing party.

Accordingly, Plaintiff is the prevailing party because Defendants' Offer of Judgment (Doc. #14) brought about a material change in the legal relationship which was not purely voluntarily. Plaintiff filed the Complaint in this case to induce Defendants to compensate her for her unpaid wages and liquidated damages under the FLSA. (Doc. #1). Additionally, Plaintiff filed a motion for conditional certification pursuant to 29 U.S.C. § 216(b). (Doc. #5). In order to limit Defendants' liability, Defendants' Counsel decided to make an offer of judgment with regard to the named plaintiff before the motion for conditional certification was ruled on and potential opt-in plaintiffs were notified of their right to join the case. The consent judgement which will be filed by this Court approving Defendants' offer and

Plaintiff's acceptance under Rule 68 will be an enforceable judgement which materially alters the legal relationship of the parties. Therefore, Plaintiff is the prevailing party and she is entitled to her attorney's fees and costs under the FLSA, 29 U.S.C. § 216(b).

### B. Reasonable and Necessary Attorney's Fees are Mandatory under the FLSA

Section 216(b) of the FLSA provides that "[t]he court in such action **shall**, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

The first step in determining reasonable attorneys' fees is to multiply the number of hours reasonably expended on the case by a reasonable hourly rate. *West v. Hess Environmental Servs.*, 1997 U.S. App. LEXIS 8127, at *5-6 (6th Cir. Apr. 17, 1997) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (Exhibit I); *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The product of this calculation is called the "lodestar," which is "more than a mere 'rough guess' or initial approximation of the final award to be made." *Id.* (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561-62 (1986)). Where the fee applicant has demonstrated that the claimed rate and numbers of hours are

reasonable, there is a "strong presumption" that the lodestar is the reasonable fee to which counsel is entitled. *Id.* (citing *Delaware Valley*, 478 U.S. at 564-65).

Section 216(b) is remedial in nature and its purpose is to ensure all plaintiffs access to the courts and to rectify and eliminate "unfair method[s] of competition in commerce" that cause "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Monroe v. FTS USA, LLC*, 815 F.3d 1000, 1008 (6th Cir. 2016); *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015); *Roofers Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984); 29 U.S.C. § 202(a). This is accomplished by the "fee-shifting" mechanism that allows plaintiffs to air their wage grievances against their employers. In enacting the FLSA, Congress intended that the wronged employee should receive his full wages without incurring any expense for legal fees or costs. *Roofers*, 732 F.2d 495 at 502.

Accordingly, in addition to the mandatory payment of a plaintiff's fees, **the amount of fees carries no relation to the amount of damages ultimately recovered** by a plaintiff under the FLSA. *See e.g.*, *West*, 1997 U.S. App. LEXIS 8127, at *5-6 (citing *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)) ("there is no requirement under the fee shifting statutes that an award of attorneys' fees be proportional to the amount of the underlying award of damages.") (Exhibit I); *Fisher v. Stolaruk Corp.*, 648 F. Supp. 486, 487 (E.D. Mich. 1986) (citing *Michigan*

6

*Window Cleaning Co. v. Martino*, 173 F.2d 466 (6th Cir. 1949)) ("An award of attorney fees [under the FLSA] may exceed the amount in controversy."); *Williams v. Hooah Sec. Servs. LLC*, No. 09-2376, 2012 U.S. Dist. LEXIS 40945, 2012 WL 1022187, at *4, n.6 (W.D. Tenn. Mar. 26, 2012) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (". . . the amount of attorney's fees may exceed the amount of damages awarded to plaintiffs given the nature and purpose of the FLSA . . ." "courts should not place undue emphasis on the amount of the plaintiff's recovery.") (Exhibit J).[1]

### C. Counsel Requests this Court Approve an Award of Reasonable Attorney's Fees and Reimbursement of Costs

The relevant factors for determining the reasonableness of attorney's fees are:

(1) the time and labor required by a given case; (2) the novelty and difficulty of the

---

[1] In fact, courts from across the country recognize that FLSA fees often exceed the plaintiffs' settlement benefits and are still reasonable. *See e.g.*, *Fegley*, 19 F.3d at 1134-35 (affirming attorney fees of $40,000.00 on a judgment of $7,680.00 for overtime compensation); *Lucio-Cantu v. Vela*, 239 Fed. Appx. 866, 867-69 (5th Cir. 2007) (finding no abuse of discretion in award of $51,750.00 in attorney fees on a recovery of $4,679.00); *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341, 342 (5th Cir. 2007) (affirming attorney fees of $129,805.50 on $23,357.30 in damages); *Garcia v. Tyson Foods*, No. 06-2198, 2012 U.S. Dist. LEXIS 170177, at *46 (D. Kan. Nov. 29, 2012) (awarding over $3.2 million in attorney fees on a jury verdict of $533,011 in a collective action at an attorney fee hourly rate of $302.29 per hour) (Exhibit E); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1353-54 (S.D. Fl. May 14, 2007) (awarding attorney fees of $114,021.00 on a judgment of $3,493.62); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp.2d 1313, 1328-29 (M.D. Fl. Dec. 21, 2001) (awarding attorney fees of $352,225.40 on an FLSA recovery of $21,000.00).

questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *Paschal v. Flagstar Bank*, 297 F.3d 431, 435 (6th Cir. 2002). The factors are individually analyzed below.

### 1. "The time and labor involved"

The amount of time and labor devoted to this case by Plaintiff's attorney was substantial as evidenced by his submitted time records. (Exhibit B).

Attorney Yaldou first met with Plaintiff and another co-worker about their claims against Defendants on September 1, 2017. They told him about Defendant Midwest Supply's time keeping and compensation policies which led to them not being paid for all of the hours that they worked. Additionally, they told Attorney Yaldou about other workers which they knew had not been paid for all of the hours that they worked.

Attorney Yaldou then investigated Defendants and researched similar claims for unpaid wages. In November 2017, after Attorney Yaldou had done a diligent investigation into Defendants, he calculated the two workers damages. After these measures, he reached back out to the two workers.

Attorney Yaldou was not able to contact the workers again until March 2018. They are both low-wage earners who struggle with expenses like phone payments and rent. During the months in which he was unable to contact them, both workers had moved and changed numbers. He was able to contact Plaintiff again, but had not been able to get a hold of the other worker.

Attorney Yaldou and Plaintiff decided to go forward with the case without the other worker. He set up a phone appointment to take her declaration and drafted a complaint in the case. Attorney Yaldou then drafted a motion for conditional certification, knowing that the time keeping and compensation policies led to more than just Plaintiff being shorted hours in violation of the FLSA. These documents took a significant amount of time to complete in the months of March and April 2018.

Over the course of May and June 2018, Attorney Yaldou and opposing counsel Attorney Christopher Trebilcock negotiated the settlement of the case through the Federal Rules of Civil Procedure Rule 68 Offer of Judgment mechanism.

The two attorneys went back and forth about how to settle the case, but ultimately came to the documents filed as Docket #14.

It was Plaintiff's and Attorney Yaldou's intention to have this case conditionally certified so as to vindicate the rights of all of the low-wage janitors that were subject to these FLSA-violating policies. However, when Defendants made Plaintiff an offer of judgment, she was not in a financial position to reject all of the monetary damages that she was owed under the statute. Plaintiff was conflicted about whether to accept the offer of judgment or to push forward for her former colleagues, but ultimately decided that it was in her best interest to take the money owed to her through the offer.

Even though Attorney Yaldou took a considerable amount of time working with and then following up with Plaintiff's co-worker, none of those hours have been included in this fee petition. While those hours were reasonable and necessary hours spent shaping the case at hand, Attorney Yaldou is not seeking compensation for them. This Court should see his foregoing being paid on those hours spent prosecuting this case as an example of how he has narrowly tailored this fee petition and should bolster his claim that all of the hours submitted were reasonable and necessary under the statute.

### 2. "The novelty and difficulty of the questions involved"

In novel or difficult cases, attorneys' fees may be enhanced to reflect the contingent nature upon which the case was taken. *See, e.g.*, *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 533 (E.D. Mich. 2003). The present case had an increased level of difficulty due to the lack of time records and pay documentation available to Plaintiff. The asymmetry of information forced Attorney Yaldou to take extra time with Plaintiff when investigating whether a violation of the FLSA occurred.

Even though there was an added level of difficulty in this case, Attorney Yaldou is not seeking an enhancement of his fees. He is simply seeking his lodestar, his customary fee times the number of hours spent prosecuting this case.

### 3. "The skill requisite to perform the legal service properly"

Attorney Yaldou is highly experienced in complex litigation. Attached as Exhibit A, is his declaration outlining his legal background, expertise, and skill level. The legal services provided required a large degree of specialization. FLSA "opt-in" collective actions require a high degree of management and litigation skills. Attorney Yaldou has 11 years of litigation experience, including four years of FLSA litigation experience, and to date has been counsel on approximately 20 filed FLSA cases. *Id.*

11

4. "Preclusion of other employment by the attorney due to acceptance of the case"

Attorney Yaldou owns a small firm with limited resources. By taking this case, he was precluded from taking other cases which could have generated income for his firm. He takes all of his FLSA cases on a contingent basis, so there is a high degree of risk with each FLSA case he takes. As a result of this business model, Attorney Yaldou has an increased incentive to make sure that he only takes meritorious cases and that when he does take a case, he works diligently on it.

5. "The customary fee"

A reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community. *Blum v. Stenson*, 46 U.S. 886, 897 (1984); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). "[T]he burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum,* 46 U.S. at 896 n.11. An attorney's fee award must be "adequate to attract competent counsel, but . . . not produce windfalls to attorneys." *Id.* (quotations and citations omitted).

In a recent United States District Court for the Eastern District of Michigan case, attorneys in the community were approved for much higher hourly rates than that customarily charged by Attorney Yaldou. In *Doe v. Deja Vu Servs.*, the Court

approved the rates of $685.00, $600.00, $475.00 per hour for the lead FLSA attorneys. *Doe v. Deja Vu Servs.*, No. 16-10877, 2017 U.S. Dist. LEXIS 93455, 2017 WL 2629101, at *30-31 (E.D. Mich. June 19, 2017) (Exhibit D). The Court approved the hourly rate of $400.00 per hour for other attorneys on the case and the rate of $300.00 per hour for associate attorneys. *Id.* The lead attorneys on that case were Attorney Jason Thompson, Attorney Megan Bonanni, and Attorney Jesse Young. Attorney Thompson – approved at $685.00 per hour – has been a licensed attorney since 1992 and has worked primarily on collective and class action litigation during his time at Sommers Schwartz, P.C., which he began working with in 2008. Attorney Bonanni – approved at $600.00 per hour – has been a licensed attorney since 1994 and has spent a majority of her career working on civil rights litigation. Attorney Young – approved at $475.00 per hour – has been a licensed attorney since 2009 and has been working on FLSA collective actions since 2011. The associate attorneys were all approved at the rate of $300.00 per hour. The associate attorneys had been practicing law between two and four years at the time of the decision. Moreover, other Courts have approved similar rates.[2]

---

[2] *See, e.g.*, *May v. City of Detroit*, No. 233318; 234966, 2003 Mich. App. LEXIS 1397, at *41-42 (Ct. App. June 12, 2003) (Michigan Court of Appeals awarded $600.00 per hour) (Exhibit F); *Worthing v. Reliance Std. Life Ins. Co.*, No. 08-11895, 2009 U.S. Dist. LEXIS 52296, 2009 WL 1798387, at *5 (E.D. Mich. June 22, 2009) (awarded $400.00 per hour) (Exhibit K); *RDI of Mich., LLC v. Mich. Coin-Op Vending*, Inc., No. 08-11177, 2010 U.S. Dist. LEXIS 10921, 2010 WL 522835, at *7-8 (E.D. Mich. Feb. 9, 2010) (court awarded $375.00 per hour) (Exhibit G).

Additionally, Federal Courts of Appeals regularly uphold attorneys' fees awards as reasonable using varied rates based on years of practice. *Weitz & Luxenberg, P.C. v. Sulzer Orthopedics, Inc.*, 398 F.3d 778, 780 (6th Cir. Ohio 2005) (upholding rates for attorneys at 1-5 years, $200.00 per hour; 6-9 years, $300.00 per hour; 10-14 years, $400.00 per hour; and 15 years and over, $500.00 per hour). The work for which those rates were approved was done between 13 and 18 years ago. Attorney Yaldou, has submitted an affidavit stating that his hourly rate is customarily $400.00 per hour for FLSA cases. (Exhibit A). Attorney Yaldou has 11 years of litigation experience, which puts his customary fee on par with what was upheld by the Sixth Circuit Court of Appeals in *Weitz & Luxenberg, P.C.* over ten years ago. Prevailing market rates have gone up considerably in the last 13 to 18 years, evidencing that Attorney Yaldou's customary fee rate is more than reasonable.

Attorney Yaldou's customary fee of $400.00 per hour is well within the range of the prevailing market rates in the Metro-Detroit community and on par with rates that have been upheld by the Sixth Circuit Court of Appeals over a decade ago. Therefore, this Court should approve Attorney Yaldou's customary fee of $400.00 per hour.

### 6. "Whether the fee is fixed or contingent"

Whether the fee is fixed or contingent is of less importance in cases under fee-shifting statutes like the FLSA. Courts typically consider this factor when determining how much weight to give to the agreement. *See, e.g., Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989). However, when the statute mandates attorney's fees to be paid to the prevailing party, this factor is of less significance. Accordingly, this factor is not important for the Court to consider in the case at hand.

### 7. "Time limitations imposed by the client or the circumstances"

The FLSA has a two-year statute of limitations, which can be extended to a three-year statute of limitations for willful violations. 29 U.S.C. § 255. Because Plaintiff had worked for Defendants in 2017, there was not a pressing statute of limitations issue in the case at hand.

However, being a low-wage worker, Plaintiff did not have the financial stability to forego the wages owed to her for a significant amount of time. Therefore, she did not have the resources to carry out the class certification to vindicate the rights of the other workers and decided to accept the offer of judgment.

### 8. "The amount involved and the results achieved"

To date, the total attorneys' fees sought by Plaintiff amounts to $22,360.00. Plaintiff's Attorney obtained $486.00 for her, which includes all of her unpaid wages under the FLSA, including liquidated damages equal to the amount of her unpaid

wages. Given the amount legal issues researched and the vigorous and hard-fought advocacy by counsel on behalf of both parties, the amount of fees and costs Attorney Yaldou seeks is reasonable.

### 9. "The experience, reputation, and ability of the attorneys"

Attorney Yaldou is an experienced attorney who is respected among complex litigation and FLSA specialists. His affidavit, attached as Exhibit A, outlines his legal background and expertise. He has been approached by other attorneys to be either co-counsel or local counsel where the other attorneys do not regularly practice in this jurisdiction due to his reputation for excellence.

The professional skill and standing of opposing counsel is also important in evaluating the quality of services rendered by Plaintiff's Counsel. *See e.g. In re Delphi Corp Securities Derivative & ERISA Litigation*, 248 F.R.D. 483, 504 (E.D. Mich. 2008). Attorney Trebilcock has been admitted to practice law in Michigan since 2000 and has an extensive record as a labor and employment law attorney. (Exhibit C). Attorney Trebilcock worked at the U.S. Department of Labor's national office before joining the firm of Clark Hill, PLC's Labor & Employment Law Practice Group. He is a dedicated attorney who has represented many corporate clients and served his clients' interests well in this case.

10. "The 'undesirability' of the case"

Plaintiff worked as a maintenance person for Defendants' janitorial company, Midwest Supply & Maintenance Company, Inc. Plaintiff is a working-class individual who does not have the education or other means to obtain high wage work.

Defendants have built their business on the backs of low wage workers like Plaintiff. This business has continued to work these employees in undesirable conditions without regard to whether they have been paid for all of the hours that they worked. This situation is exactly what Congress intended when it created a private cause of action in the FLSA. Congress intended to eliminate "unfair method[s] of competition in commerce" that cause "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Monroe v. FTS USA, LLC*, 815 F.3d 1000, 1008 (6th Cir. 2016); *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015); *Roofers Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984); 29 U.S.C. § 202(a).

11. "The nature and length of the professional relationship with the client"

Attorney Yaldou and Plaintiff did not know each other before she sought his counsel on this matter. This factor does not affect what attorneys' fees are reasonable and necessary in this case.

17

## 12. "Awards in similar cases"

It is typical practice in FLSA cases that when an offer of judgment is accepted, a determination of attorneys' fees is left to the court. *O'Brien v. Ed. Donnelly Enterprises*, 575 F.3d 567, 575 (6th Cir. 2009) ("Defendants' offer to pay the reasonable attorneys' fee as determined by the court is consonant with the statutory language which requires that the court 'allow' the reasonable fee when it awards a judgment to a FLSA plaintiff."). In this case, Plaintiff has been offered her full back wages and the liquidated damages that she is entitled to under 29 U.S.C. § 216(b). Thus, she has received the full monetary amount that she was entitled to under the law. The offer of judgment that she accepted left her attorney's fees to be determined by the Court, as is standard practice under the FLSA.

The time spent prosecuting this case and Attorney Yaldou's customary fee are reasonable. Accordingly, this Court should approve Attorney Yaldou's fees to date in the amount of $22,360.00.

**D. Costs**

The court in *Fegley v. Higgins*, 19 F.3d 1126, 1135 (6th Cir. 1994), stated that "the court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." As the prevailing party, Plaintiff also seeks reimbursement of the costs associated with travel, transportation, and court fees, especially those

costs taxable under 28 U.S.C. § 1920 and costs not taxable under that statute, which may be included as part of reasonable attorneys' fees. *See Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. Ill. 1997). In other words, the types of costs "normally charged to a fee-paying client" are also recoverable. *See, e.g.*, *Renfro v. Ind. Mich. Power Co.*, No. 99-877, 2007 U.S. Dist. LEXIS 15773, 2007 WL 710138, at *3 (W.D. Mich. Mar. 6, 2007) (citing *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 639 (6th Cir. 1979), *overruled on other grounds,* 497 F.3d 573 (6th Cir. 2007)) (citations omitted) (Exhibit H).

Accordingly, this Court should approve a reimbursement of costs for the filing fee, the fee for sending judge's copies to chambers, and service fees in the amount of $552.30.

## III. CONCLUSION

WHEREFORE, Plaintiff requests that this Court Approve Attorney Yaldou's Fees in the amount of $22,360.00, costs in the amount of $552.30, and allot ten hours of time at Plaintiff's Attorney's rate for administration of the settlement and attendance at the anticipated hearing on this fee petition in the amount of $4,000.00. The total amount Attorney Yaldou seeks approval of is $26,912.30.

Respectfully Submitted,

/s/ Bryan Yaldou

Bryan Yaldou (P70600)
Omar Badr (P70966)
THE LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiff*

July 12, 2018