UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVINA WELLS,

    Plaintiff,

v.

MIDWEST SUPPLY & MAINTENANCE
COMPANY, INC. ET AL.,

    Defendants.
_____/

Case No. 18-cv-11105

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

## ORDER SETTING ATTORNEY'S FEES [#19]

### I. INTRODUCTION

Plaintiff Melvina Wells filed the present action against Defendants, her former employers, Midwest Supply & Maintenance Company, Inc. ("Midwest Supply") and Charlotte Callagham. Plaintiff brought her complaint under the Fair Labor Standards Act ("FLSA"), alleging that Defendants did not pay her or any of their employees the minimum wage rate required under the FLSA. The parties subsequently entered into settlement discussions, and Plaintiff accepted Defendants' Offer of Judgment. However, the parties are unable to agree on the reasonable amount of attorney's fees that Defendants should be required to reimburse Plaintiff. Presently before the Court is Plaintiff's Motion for Attorney's Fees and Costs. Dkt. No. 19. Plaintiff requests this Court approve attorney's fees

and costs in the amount of $26,912.30. Defendants request this Court approve attorney's fees and costs in the amount of $3,014.80.[1] For the reasons discussed below, this Court will approve attorney's fees and costs in the amount of $5,368.97: costs in the amount of $552.30[2], and attorney fees in the amount of $4,816.67.

## II. FACTUAL BACKGROUND

This is a case arising under the Fair Labor Standards Act. Plaintiff worked as a janitor for Defendants from July 2017 to August 2017. Dkt. No. 1, pg. 4 (Pg. ID 4). Plaintiff's hourly rate of pay was $9.00 per hour. *Id.* Plaintiff alleges that her checks were short and did not reflect her actual hours of work during the time that Defendants employed her. *Id.* Before filing her complaint, Plaintiff talked with other employees of Defendants, who stated that Defendants also did not pay them for all of the hours that they worked. *Id.* at pg. 5 (Pg. ID 5).

---

[1] Defendants' mathematical calculation of the total amount of attorney costs and fees it requests appears inaccurate. Defendants request this Court award Plaintiff $552.30 in costs and $2,462.50 in attorney's fees. Dkt. No. 22, pgs. 8–9 (Pg. ID 365–64). Added together, these figures equal a total award of $3,014.80. However, Defendants' response asks this Court to grant attorney's fees and costs in an amount no greater than $2,939.80.Thus, this Court will rely on the $3,014.80 figure.

[2] Defendants do not dispute the amount of costs Plaintiff requests. Dkt. No. 22, pgs. 8–9 (Pg. ID 365–64).

Plaintiff retained the Law Offices of Bryan Yaldou, PLLC to represent her in her lawsuit against Defendants. On April 6, 2018, Plaintiff filed her complaint against Defendants, alleging violations of the FLSA. Dkt. No. 1. Plaintiff brought her claim as a collective action. *Id.* at pg. 6 (Pg. ID 6). On April 23, 2018, Plaintiff filed a motion to certify class conditionally. Dkt. No. 5. Plaintiff filed this motion before she effected service on Defendants. Plaintiff effected service on Defendant Midwest Supply on May 2, 2018 and Defendant Charlotte Callagham on May 25, 2018. Dkt. Nos. 7, 10. On June 14, 2018, Plaintiff filed a notice with this Court of her acceptance of Defendants' Offer of Judgment in the amount of $486.00. Dkt. No. 14-1, pg. 1 (Pg. ID 231). Defendants' Offer of Judgment included costs and reasonable attorney's fees. *Id.* The parties are presently in dispute about the amount of reasonable attorney's fees owed to Plaintiff's attorney, Bryan Yaldou.

On July 12, 2018, Plaintiff filed a Motion for Attorney Fees and Costs. Dkt. No. 19. Plaintiff requests attorney fees in the amount of $26,360.00 and costs in the amount of $552.30, for a total award of $26,912.30. *Id.* at pg. 2 (Pg. ID 252). On July 30, 2018, Defendants filed their response. Dkt. No. 22. Defendants do not contest the amount of costs that Plaintiff seeks. *Id.* at pg. 8 (Pg. ID 365). However, Defendants request this Court award attorney's fees in an amount no greater than

$2,462.50, for a total award of no more than $3,014.80.[3] *Id.* at pgs. 8–9 (Pg. ID 365–64). Plaintiff filed her reply on August 6, 2018. Dkt. No. 23.

### III. LEGAL STANDARD

Under the Fair Labor Standards Act, courts must award costs and reasonable attorney's fees to a prevailing plaintiff. *See* 29 U.S.C. § 216(b). A court must provide "a concise but clear explanation of its reasons for the fee award." *Dean v. F.P. Allega Concrete Constr. Corp.*, 622 Fed. App'x 557, 559 (6th Cir. 2015). Of primary concern is that an attorney fee award be reasonable. *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014). An award of attorney's fees should be adequate to attract competent counsel, but should avoid producing a windfall for lawyers. *Id.* The first step in calculating reasonable attorney's fees is calculating the lodestar rate. *Id.* "To determine the lodestar figure, the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016). Second, the court may adjust the lodestar figure up or down to reflect relevant considerations particular to the context of the case at hand. *Lavin*, 764 F.3d at 649.

Courts may consider the twelve factors listed in *Johnson*[4] when adjusting the lodestar figure. These factors are: (1) the time and labor required; (2) the novelty

---

[3] *See* footnote 1, *supra*.
[4] *Johnson v. Ga. Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The most critical factor for a court to consider is the degree of success obtained. *Dean*, 622 Fed. App'x at 559 (6th Cir. 2015).

## IV. DISCUSSION

1. Reasonable Hourly Rate

To determine the reasonable hourly rate, trial courts should assess the prevailing market rate in the relevant community. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).

Plaintiff has been a practicing attorney for 11 years. Dkt. No. 19-2, pg. 3 (Pg. ID 282). Plaintiff has been litigating FLSA matters for 4 years. *Id.* Plaintiff asserts that his hourly rate is $400.00 for FLSA cases. *Id.* at pg. 5 (Pg. ID 284). Further, Plaintiff reports that his billable hours on this case are 55.90, for total compensation due of $22,360.00. Dkt. No. 19-3, pg. 4 (Pg. ID 289).

Defendants respond that this Court should assess Plaintiff's hourly rate at $250.00 per hour. Dkt. No. 22, pg. 16 (pg. ID 373). Defendants assert that the 2017 State Bar Survey indicates that the hourly rate for attorneys with 11 to 15 years of experience is $250.00 per hour. *Id.* at pg. 15 (Pg. ID 372); *see also* Dkt. No. 22-1, pg. 6 (Pg. ID 396). Further, Defendants state that the median hourly rate for attorneys with 3 to 5 years of experience—which matches Plaintiff's 4 years of FLSA experience—is only $209 per hour. Dkt. No. 22, pg. 15–16 (Pg. ID 372–73); *see also* Dkt. No. 22-1, pg. 6 (Pg. ID 396).

Plaintiff replies that the State Bar of Michigan Survey does not fully encompass factors that are present in FLSA cases. Dkt. No. 23, pg. 6 (Pg. ID 558). Plaintiff asserts that FLSA cases are highly complex and that courts have often found that FLSA litigation warrants a higher than average hourly rate. *Id.*; *see Smith v. Serv. Master Corp.*, 592 F. App'x 363, 369 (6th Cir. 2014). However, Plaintiff misstates the Sixth Circuit's holding in *Smith*. In *Smith*, the plaintiff's counsel charged $300.00, $375.00, and $450.00 per hour for its associates who worked on a FLSA case. *Smith*, 592 F. App'x 363 at 369. The Sixth Circuit found that these rates were well above the Tennessee Rate Report rate ranging from $190.00 to $335.00 per hour. *Id.* at 370. The court stated that the district court did not adequately explain why it departed from the local rate. Therefore, the *Smith* court remanded for further consideration of the attorneys' reasonable rates. *Id.*

Plaintiff also cites various unpublished district court cases from within this district that have upheld attorney fee rates of approximately $400.00 per hour in FLSA cases. *See* Dkt. No. 23, pg. 7 (Pg. ID 559). None of the authority cited by Plaintiff is controlling on this Court.

Lastly, Plaintiff asserts that in July of 2018, Judge Avern Cohn of the United States District Court for the Eastern District of Michigan approved Mr. Yaldou's hourly rate of $400.00 per hour in a comparable FLSA case. Dkt. No. 23, pg. 8 (Pg. ID 560); *Totte v. Quick Lane Oil & Lube, et al.*, Case No. 16-cv-12850 (Cohn, J.). However, in *Totte*, Mr. Yaldou's hourly rate was not at issue. *See* Dkt. No. 23-2, pg. 7 (Pg. ID 575). Further, Mr. Yaldou obtained a total settlement of $14,000 for his four clients. *Id.* at pg. 6 (Pg. ID 574). Mr. Yaldou agreed to accept $34,000 in attorney's fees—substantially less than the amount of attorney's fees that he asserted Plaintiffs actually owed him. *Id.* at pg. 7 (Pg. ID 575). Thus, Mr. Yaldou's attorney's fees were not vastly disparate from the recovery that he won for his clients, unlike the present case.

In summary, Plaintiff requests this Court calculate his attorney's fees in accordance with an hourly rate of $400.00. Defendants request this Court to calculate attorney's fees according to an hourly rate of $250.00. In light of the aforementioned reasons, this Court will calculate Plaintiff's attorney's fees at a rate of $250.00 per hour.

2. Hours Reasonably Expended

This Court must determine the number of hours Plaintiff's attorney reasonably expended as a part of its determination of the lodestar rate. *Gascho*, 822 F.3d at 279. Plaintiff's Exhibit B attached to her motion is an invoice that documents the hours Mr. Yaldou billed working on her case. Dkt. No. 19-3. Mr. Yaldou's invoice reflects 55.90 billable hours worked. *Id.* at pg. 4 (Pg. ID 289). In addition, Plaintiff requests this Court add an additional 10 hours to Mr. Yaldou's hours reasonably expended for administration of the settlement and attendance at the anticipated motion hearing on this Motion for Attorney's Fees. Dkt. No. 19, pg. 27 (Pg. ID 277). Defendants object to several of Mr. Yaldou's hours of work. Dkt. No. 22, pgs. 20–23 (Pg. ID 377–80). Defendants argue that Mr. Yaldou spent an excessive amount of time: (1) conducting Rule 68 research; (2) drafting Plaintiff's complaint; (3) drafting Plaintiff's Motion for Attorney's Fees and Costs; (4) calculating damages; and (5) researching prevailing party issues. *Id.* Defendants also argue that Mr. Yaldou inefficiently staffed various billable tasks by completing them himself instead of enlisting his law clerk, paralegal, or other attorneys that he employs to do the tasks. *Id.* at pg. 23 (Pg. ID 380).

In light of the foregoing arguments, this Court will adjust Mr. Yaldou's hours reasonably expended. This Court will exclude the 14.3 hours[5] Mr. Yaldou expended on Plaintiff's motion for conditional certification. Plaintiff filed this motion prematurely—before she effected service on Defendants. Plaintiff could have waited for service on Defendants and thereafter for Defendants to offer a settlement before filing her motion for conditional certification. Thus, Plaintiff's attorney could have avoided expending any time on the conditional certification motion. Plaintiff argues that filing the motion for conditional certification gave her attorney leverage to negotiate a favorable settlement. Dkt. No. 23, pg. 13 (Pg. ID 565). However, Defendants contend that conditional certification would have been inappropriate in the present case because Plaintiff held a unique particular position with Defendants. Dkt. No. 22, pg. 24 (Pg. ID 381). Thus, it is clear that Defendants did not consider Plaintiff's motion for conditional certification valid. Nor, did the motion for conditional certification create incentive for Defendants to settle. Defendants settled because Plaintiff requested a nominal amount and the benefits

---

[5] Plaintiff's attorney billed 14.3 hours over four entries relating to Plaintiff's motion for conditional certification: on March 19, 2018; March 20, 2018; and two entries on March 26, 2018. Dkt. No. 19-3, pgs. 2–3 (Pg. ID 287–88). Defendants assert that Plaintiff's attorney billed 13.5 hours relating to the motion for conditional certification. Dkt. No. 22, pg. 25 (Pg. ID 382). However, it appears that Defendants unintentionally disregarded Mr. Yaldou's March 26, 2018 entry that billed .8 hours for drafting a proposed order and notice to be included with the conditional class certification motion.

of settling outweighed the costs of litigating the claim. *See* Dkt. No. 22, pg. 8 (Pg. ID 365). Accordingly, this Court will exclude the 14.3 hours Plaintiff's attorney expended on the conditional certification motion from its calculation of reasonable hours.

Further, this Court will exclude the 5.4 hours that Mr. Yaldou billed researching issues related to what constitutes a prevailing party. Defendants never contested that Plaintiff was a prevailing party. Dkt. No. 22, pg. 22 (Pg. ID 379). Mr. Yaldou could have contacted Defendants about this issue or made the reasonable presumption that Plaintiff was the prevailing party, given that Plaintiff obtained a settlement in her favor for all unpaid wages that Defendants owed her. Thus, Mr. Yaldou's time spent researching the prevailing party issue was unreasonable and the Court will not include this in its calculation of reasonable time expended.

Next, this Court will exclude 3.3 hours from the time that Mr. Yaldou spent drafting the complaint. Mr. Yaldou reports that he spent 5.3 hours drafting the complaint in this matter. Dkt. No. 19-3, pg. 2 (Pg. ID 287). The complaint in this case is less than fourteen pages long. Dkt. No. 1. The complaint contains approximately 2 pages of introductory information, 3 pages of facts, approximately 6 pages listing the counts, and 1.5 pages listing the prayer for relief and conclusion. *Id.* This complaint is very similar to other complaints that Mr. Yaldou has previously filed. *See Totte v. Quick Lane Oil & Lube, et al.*, Case No. 16-cv-12850

(Cohn, J.); Dkt. No. 22-3. The complaint is not complex nor does it contain numerous facts. Thus, this Court finds that 5.3 hours is an unreasonable amount of time spent and will give Mr. Yaldou credit for 2 hours for drafting the complaint.

This Court will exclude 3 hours from the time it took Plaintiff's attorney to draft the present Motion. Mr. Yaldou spent 12.1 hours drafting the fee application. Dkt. No. 19-3, pgs. 3–5 (Pg. ID 288–89). The fee application contains 3 pages of prevailing party argument. As this Court has previously stated, argument on the prevailing party was generally unnecessary. The majority of the fee application analyzes the twelve factors articulated by the *Johnson* court. *Id.* at pgs. 16–26 (Pg. ID 266–76). Several of the factors were not relevant to this case, for example, factors 6 and 11. The fee application also describes the time and labor involved for 2.5 pages—an unnecessary analysis given Plaintiff's submission of her attorney's invoice. This Court finds that Mr. Yaldou expended an unreasonable amount of hours drafting this fee application, and thus will give Mr. Yaldou credit for 9.1 out of the 12.1 hours reported.

Lastly, this Court will exclude 2 hours from the 4.70 hours Mr. Yaldou reported on 5/29/18 for researching language limiting recovery in offers of judgment. Mr. Yaldou recorded that he spent 4.70 hours conducting this research and drafting a letter to opposing counsel rejecting their offer of judgment. Dkt. No. 19-3, pg. 3 (Pg. ID 288). This Court finds that this is an unreasonable amount of time spent

researching a relatively uncomplicated issue and will give Mr. Yaldou credit for 2.70 of the 4.70 hours reported.

Plaintiff requests this Court include an additional 10 hours in its calculation of her attorney's reasonably expended hours for administration of the settlement and attendance at the motion hearing for the present Motion. Dkt. No. 19, pg. 27 (Pg. ID 277). The Court finds it unreasonable that administration of Plaintiff's settlement will take any reasonable time. Plaintiff's settlement awarded her a nominal fee of $486.00, which can be completed with the action of writing a single check. Thus, this Court will add no hours for administration of the settlement, and one hour for motion hearing attendance.

In conclusion, this Court will subtract 37 (14.3 + 5.4 + 3.3 + 3 + 2 + 9) hours from the 65.9 total hours that Plaintiff requests this Court use to calculate Mr. Yaldou's reasonable hours expended. Thus, this Court finds that Mr. Yaldou's reasonable hours expended on this case totals 28.9 hours. The hourly rate of $250.00 multiplied by the 28.9 reasonable hours expended equals a lodestar amount of $7,225.00 in attorney's fees.

3. *Johnson* Factors

Lastly, this Court can consider the factors outlined in *Johnson* to adjust the lodestar rate. *Lavin*, 764 F.3d at 649. The most important factor for courts to

consider under *Johnson* is the degree of success obtained. *Dean*, 622 Fed. App'x at 559 (6th Cir. 2015). Plaintiff in this case received $486.00—a minimal amount. However, Plaintiff's settlement includes all of the unpaid wages and liquidated damages that Defendants owed her. Dkt. No. 19, pg. 26 (Pg. ID 276). But, Plaintiff's relief is only related to Counts I and II of her complaint because Plaintiff stipulated to a dismissal of Count III of her complaint. Dkt. No. 11, pg. 3 (Pg. ID 214).

The Sixth Circuit has required remand to the district court where the district court failed to consider the relationship between the fee award and the level of success obtained. *Dean v. F.P. Allega Concrete Const. Corp.*, 622 F. App'x 557, 559 (6th Cir. 2015). In *Dean*, the plaintiff brought several FLSA claims against his former employer. *Id.* at 558. The district court rejected most of the plaintiff's claims as a matter of law. *Id.* The jury granted him $117.00 in relief on one claim. *Id.* However, the trial court awarded him $25,422.00 in attorney's fees. *Id.* The Sixth Circuit reasoned that "the court made no adjustment to the fees based on [the plaintiff's] limited—indeed near zero—success. This was a case about money, and [the plaintiff] received little money." *Id.* at 559. Therefore, the *Dean* court reversed the attorney fee award and remanded to the trial court for further proceedings. *Id.* at 560.

Here, although Plaintiff received a minimal award, her award reflects success on two out of three of the counts contained in her complaint. Further, Plaintiff received all of the unpaid wages and liquidated damages that Defendant owed her. This is unlike *Dean* where the Plaintiff prevailed on only one count. However, in light of Plaintiff's stipulated dismissal of one third of her complaint, this Court will reduce the lodestar amount of reasonable attorney's fees by one third. Thus, Plaintiff is entitled to a total award of attorney's fees in the amount of $4,816.67.[6]

## V. Conclusion

For the reasons discussed herein, the Court will grant Plaintiff costs in the amount of $552.30 and attorney fees in the amount of $4,816.67 for a total award of $5,368.97.

SO ORDERED.

Dated: August 27, 2018

                                                    s/Gershwin A. Drain
                                                    HON. GERSHWIN A. DRAIN
                                                    United States District Court Judge

---

[6] [(7,225/3 = 2,408.33) (7,225 − 2,408.33 = 4,816.67)].